**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Odis Hosley,<br><br>Petitioner,<br><br>v.<br><br>Gibson,<br><br>Respondent. | Case No. 26-cv-4492 (LMP/DTS)<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner Odis Hosley was, until recently, a prisoner at the Federal Correctional Complex in Forrest City, Arkansas (FCC-Forrest City). While he was at FCC-Forrest City, Hosley filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas alleging that the Federal Bureau of Prisons (BOP) had failed to transfer him to a residential reentry center or home confinement as quickly as he had been entitled pursuant to the First Step Act of 2018 (FSA). *See generally* Petition (Dkt. No. 1). A few weeks after filing the habeas petition, Hosley informed the Eastern District of Arkansas that he has been transferred away from FCC-Forrest City to "Dismas Charities" in Dania Beach, Florida—a residential re-entry center. *See* Dkt. No. 4.

Upon receiving the notice, the Eastern District of Arkansas concluded—for reasons that are unclear to this Court—that "Mr. Hosley is now in custody at the federal prison camp in Duluth, Minnesota." *See* Dkt. No. 6 at 1. Because federal district courts may grant habeas relief only within their respective jurisdictions, *see* 28 U.S.C. § 2241(a), and because Hosley was no longer being detained within the Eastern District of Arkansas, that court decided to transfer this habeas proceeding to this District.

But so far as the Court can tell, Hosley has *never* resided within the geographic confines of the District of Minnesota. At a minimum, the docket of this proceeding does not reveal any relationship between Hosley and Minnesota during the time that this habeas matter has been pending. Even if the Eastern District of Arkansas was no longer an appropriate venue for the habeas petition, the District of Minnesota was certainly not the appropriate spot for Hosley's habeas petition to land.

Hosley does not bear any responsibility for the mistaken transfer to a venue in which he had never intended to litigate, and under ordinary circumstances, this Court would simply recommend that this matter be re-transferred to a more appropriate venue, such as the United States District Court for the Southern District of Florida (which is the federal judicial district in which Hosley's residential re-entry center is located). *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). But Hosley's transfer to a residential re-entry center in Florida created more than just a venue problem for this litigation. Through his transfer, Hosley received nearly everything that he had been looking to get from his habeas petition, albeit later than he would have wanted. Hosley believed that the BOP should have transferred him to a residential re-entry sooner. He requested that the Eastern District of Arkansas direct the BOP to transfer him to a residential re-entry center. Hosley is now at a residential re-entry center. There is no longer any effective relief that this Court, or the Eastern District of Arkansas, or the Southern District of Florida, or any other court could provide with respect to his request

to be transferred to a residential re-entry center. The habeas petition is largely moot at this point.

Hosley does, to be sure, also request in his habeas petition that he be released "from prison on supervised release." Petition at 7. This is a different request than transfer to a residential re-entry center and something that the Court could, at least in theory, still grant. The start of supervised release marks the moment at which a prisoner passes out of BOP custody entirely; by contrast, Hosley remains in BOP custody today while he resides in a residential re-entry center, even though he is no longer detained in a federal prison.

Read in the context of the entire habeas petition, however, Hosley's request for immediate placement on supervised release appears to have been based on the mistaken belief that his supervised release would begin when his placement on a residential re-entry center began, which is not true.[1] In any event, nothing in the habeas petition suggests that Hosley is entitled to a sooner conclusion of his overall sentence and placement on supervised release. Indeed, the documentation submitted by Hosley shows that he has already received 365 days' worth of credits under the FSA applied towards accelerating his supervised release placement date. *See* Petition at 9. This is the absolute most that Hosley could have received under the FSA. *See* 18 U.S.C. § 3624(g)(3). There is no reason to believe, even reading the habeas petition as

[1] The claim raised in the habeas petition relates entirely to the BOP's failure to transfer Hosley by the "FSA Conditional Placement Date" that the BOP had earlier calculated. *See* Petition at 9. The FSA Conditional Placement Date relates entirely to prerelease custody placement (i.e., placement at a residential re-entry center or home confinement), not to placement on supervised release.

charitably as possible, that Hosley is entitled to begin his supervised release any sooner than he is currently scheduled to begin that supervised release.

A second transfer of this proceeding would therefore accomplish very little. Hosley has already gotten what he was requesting (transfer to a residential re-entry center), and to the extent that Hosley believes his sentence should end sooner, he has not alleged any basis for reaching that conclusion. Because a second transfer of this matter would not be in the interests of justice, this Court recommends that the habeas petition be dismissed without prejudice pursuant to § 1406(a).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **THE COURT RECOMMENDS**:

1. The petition for a writ of habeas corpus of petitioner Odis Hosley (Dkt. No. 1) be DISMISSED WITHOUT PREJUDICE.
2. Hosley's application to proceed *in forma pauperis* (Dkt. No. 6) be DENIED AS MOOT.

Dated: October 15, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).